## MICHAEL FLAHERTY *vs.* JOHN W. THOMAS.

A statute imposing, for an offence, the penalty of a fine or imprisonment not exceeding one year is repealed by the enactment of a subsequent statute, which contains no saving clause as to offences already committed, and imposes for the like offence the penalty of a fine and imprisonment not less than three nor more than twelve months, unless the offender shall prove to the satisfaction of the court that he has not before been convicted of a similar offence, in which case he may, in the discretion of the court, be sentenced to be punished by imprisonment without fine, or by fine without imprisonment. And after the enactment of such subsequent statute, one who committed the offence before its enactment cannot be punished.

HABEAS CORPUS to the sheriff of Norfolk. By the return of the sheriff, and the copies annexed thereto, it appeared that the prisoner was convicted at September term 1865, of the superior court for the county of Norfolk, of keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and on the 31st of May 1866 was sentenced to be punished by confinement at hard labor for one year in the house of correction for that county ; in pursuance of which sentence he was held in custody. The statutes of the Commonwealth upon which the questions in this case arose are given in the margin.* The case was reserved, by *Gray*, J., for the determination of the whole court.

---

* The Gen. Sts. *c.* 87, §§ 6, 7, are as follows :

" Section 6. All buildings, places or tenements, resorted to for prostitution, lewdness or illegal gaming, or used for the illegal keeping or sale of intoxicating liquors, shall be deemed common nuisances.

" Section 7. Whoever keeps or maintains such common nuisance shall be punished by fine not exceeding one thousand dollars, or imprisonment in the county jail not exceeding one year."

The *St.* of 1865, *c.* 269, § 1, provided that whenever the offence above set forth should be punished by fine only, such fine should not be less than two hundred dollars.

The *St.* of 1866, *c.* 280, §§ 1, 3, 4, is as follows :

" Section 1. When it is provided by law that an offender shall be punished by a fine and imprisonment in the jail, or by a fine and imprisonment in the house of correction, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment, in all cases where the offender shall prove or show to

*W. E. Jewell,* for the prisoner.

*N. Richardson & G. Sennott,* being counsel severally for other prisoners held under similar circumstances, were allowed to present arguments on the same side, the former orally, and the latter in writing.

*Reed,* A. G., for the Commonwealth, submitted an oral and a written argument. There are very many cases, in this commonwealth, which may depend on the decision in this case. The question is therefore important. If the effect of the *St.* of 1866, *c.* 280, is to mitigate the penalty for the offence of which the prisoner was found guilty, then clearly the statute can stand. The question is only difficult, if it is assumed that the penalty is increased.

1. This statute cannot be both constitutional and unconstitutional. That is, if by its necessary construction it applies to offences committed before its passage, inasmuch as this would be unconstitutional, the statute itself is void ; although if applicable only to offences committed since its passage it would be valid. The provision being single, and being unconstitutional so far as past offences are concerned, it must be treated as wholly unconstitutional, if by its necessary construction it is applicable to past offences. If this is so, then the whole body of the statute must be stricken out, and the repealing clause therefore repeals nothing, because it can only operate to repeal what is inconsistent with valid provisions enacted in the body of the statute.

2. But the court will seek to give a construction which will not render the statute void. This may be done by construing

the satisfaction of the court that he has not before been convicted of a similar offence."

" Section 3. Whoever is convicted of any offence set forth in the eighty-seventh chapter of the General Statutes, shall be punished by a fine of not less than fifty dollars, nor more than one hundred dollars, and imprisoned in the house of correction not less than three nor more than twelve months, except as is provided in the first section of this act.

" Section 4. All acts and parts of acts inconsistent with this act are hereby repealed."

This statute took effect on the 29th of May 1866.

it as applicable to offences committed after its enactment. Ii this construction is given, the repealing clause repeals only what would have been repealed without it, and there is no inconsistency between the former statutes and the present one. The former ones would still determine the penalty for offences committed before the enactment of *St.* 1866.

3. If however the *St.* of 1866 can be construed as if it enacted that all persons convicted of any offence coming within its provisions, whether committed before or after its passage, shall be punished as therein provided; and if it is constitutional in its application to offences committed after its passage and unconstitutional in its application to offences committed before its passage, then only the valid portion of the statute can stand. It makes no difference, in this respect, whether this construction results from a reading of the words actually written in the statute, or words imported into it. In either case, the repealing clause applies only to what is inconsistent with the valid portions of the act.

So that, on either of these three grounds, the sentence may stand.

After words are imported into a statute for the purpose of expressing more exactly the intention of the legislature, the same effect is to be given to them as if they had been originally incorporated in it. Additional words must be imported into the present statute. It means, either to impose penalties upon persons convicted of offences committed after the passage of the statute, or else to impose penalties upon persons convicted of offences committed either before or after the same. Words to express one or the other of these meanings must of necessity be imported into the statute.

If the statute is applicable only to offences committed after its passage, no additional argument is necessary to show that the sentence in the present case may stand.

But if the statute is applicable also to offences committed before its passage, and the penalties imposed by it are severer than those imposed by the former statutes, then the statute to that extent is void. If the legislature seek to accomplish twc purposes by a single provision, and one of those purposes cannot

Flaherty *v.* Thomas.

be carried into effect, can the court sustain the provision so as to accomplish the other purpose? Can it be inferred that the legislature would have desired to accomplish one of these purposes, without the other?

If the statute by its terms includes past offences, and as to them is void, how can it be said that the legislature, without accomplishing its intention to impose a larger penalty upon them, have nevertheless succeeded in repealing all former penalties, by a repealing clause like the one in question? All acts are passed by the legislature with the understanding that the court may have to pass upon their constitutionality. It could never be their intention that an act, if unconstitutional, should have the effect to repeal prior inconsistent statutes.

*I. S. Morse,* district attorney of Middlesex, also submitted a written argument on the same side.

GRAY, J. After full consideration of the arguments which have been submitted at the bar and in writing, and much thought and consultation, the impression made upon every member of the court at the hearing is confirmed, and the court is unanimously of opinion that the sentence was not warranted by law.

The Gen. Sts. *c.* 87, § 7, as amended by the *St.* of 1865, *c.* 269, § 1, provide that whoever keeps or maintains a building, place or tenement, resorted to for prostitution, ewdness or illegal gaming, or used for the illegal keeping or illegal sale of intoxicating liquors, shall be punished, on conviction, either by a fine of not less than two hundred dollars nor more than one thousand dollars, or by imprisonment not exceeding one year.

The *St.* of 1866, *c.* 280, §§ 1, 3, provides that whoever is convicted of the like offence shall be punished both by a fine of not less than fifty dollars nor more than one hundred dollars, and by imprisonment for not less than three nor more than twelve months, unless he proves or shows to the satisfaction of the court that he has not before been convicted of a similar offence, in which case he may, at the discretion of the court, be sentenced to be punished by imprisonment without fine, or by fine without imprisonment.

The statute of 1866 diminishes the fine, but raises the lower limit of the term of imprisonment; for under the previous statutes a person convicted of this offence might be sentenced to imprisonment for any term less than one year, even to imprisonment for a single day; but under the statute of 1866 he cannot be sentenced to imprisonment for less than three months. And under the previous statutes he could only be sentenced to either fine without imprisonment or imprisonment without fine; but under the statute of 1866 he must be sentenced to both fine and imprisonment, unless he proves that he has not before been convicted of a similar offence; and even then he cannot under the new statute, if the court in its discretion sees fit to punish him by imprisonment without fine, be sentenced to imprisonment for less than three months, whereas under the previous statutes he might be sentenced to imprisonment for any less time.

When indeed a statute makes the prior conviction of a similar offence a part of the description and character of a second offence, by imposing a higher penalty upon a second conviction than upon a first conviction, the fact of the prior conviction must be alleged in the indictment, in order to warrant a sentence as for a second offence. *Tuttle* v. *Commonwealth*, 2 Gray 505. And even if, besides imposing a higher penalty upon a second conviction than upon the first, a statute provides that any person, convicted of two offences upon the same indictment, shall be subject to the same punishment as if he had been successively convicted on two indictments, still the second offence must be alleged in the indictment to be a second offence in order to warrant the increased punishment. *Garvey* v. *Commonwealth*, 8 Gray, 382. But the *St.* of 1866, *c.* 280, §§ 1, 3, does not make a second offence a different one in description or character from a first offence, but imposes the same degree of punishment for each offence, and merely authorizes the court in its discretion to mitigate the punishment if the defendant shall prove to its satisfaction that he has not before been convicted of a like offence. The difference is this: If the penalties were different on two successive offences, a person convicted of two like offences on two indictments could not be subjected to an

increased punishment on the second indictment unless it described a second offence; but under this statute he would be liable to the full punishment upon the second indictment, because it would be impossible for him to show that he had not before been convicted. In the one case, the matter of aggravation must be proved by the Commonwealth; in the other, the reason for mitigation of sentence must be shown by the defendant.

We cannot know upon the record before us whether the prisoner has or has not been previously convicted of a similar offence; and whether he has or has not is immaterial to the determination of the question whether sections 1 and 3 of the *St.* of 1866 are so inconsistent with the previous statutes as to repeal them. By these sections, any person convicted of the offence therein mentioned, who does not show that he has not before been convicted of a similar offence, is to be punished by both fine and imprisonment, although the indictment does not allege that he has committed or been convicted of another like offence, and although he may not in fact have committed any other than that for which he is now to be sentenced; so that any person convicted, who does not show that fact, is liable to be sentenced to both fine and imprisonment, instead of either without the other, which would be the limit of his punishment under the previous statutes. And if he does show that fact, he is still liable to be sentenced to imprisonment for any time between one year and three months; but not for a shorter time than three months, as he might have been under the previous statutes. It needs no argument to prove that imprisonment for not less than three months is an increased penalty as compared with imprisonment which might be for one day; that the restraint in this respect upon the exercise of the discretion of the court in favor of the defendant is an aggravation of the rule of punishment; and that the *St.* of 1866, *c.* 280, §§ 1, 3, is in this particular, at least, inconsistent with the previous statutes.

The general rule is everywhere admitted, that a statute passed by the highest law-making power authorized to legislate upon the subject repeals all previous inconsistent laws. " And this,"

to use the words of Blackstone, " upon a general principle of universal law, that *leges posteriores priores contrarias abrogant;* consonant to' which it was laid down by a law of the twelve tables at Rome, that *quod populus postremum jussit, id jus ratum esto.*" 1 Bl. Com. 89. A statute enacted by the people, through its representatives to whom the legislative power has been intrusted by the constitution of the state, for the punishment of a certain kind of crime, establishes a rule by which the actions of all persons within the jurisdiction are to be governed, and all violations of the rule punished ; and thereby implies that, in the opinion of the sovereign legislature, the law previously existing, so far as it is inconsistent with the new law, does not prescribe a suitable punishment for such a crime, and is not fit to be continued in force ; and therefore the later statute, laying down a new rule, in the absence of any qualifying clause, supersedes and abrogates the former law as completely as if that had been repealed in express words.

Former laws indeed are not repealed by implication, except so far as they are inconsistent with a later statute. This inconsistency may arise either from a new enactment which covers the whole subject, or from a statute which simply imposes a new punishment, whether greater or less in degree, for the same kind of crime. Where the punishment only is altered, the extent of the effect of the repeal depends upon the nature of the change. If it only mitigates or alleviates the punishment, an offence committed while the old law was in force may be punished according to the new and milder rule. *Dolan* v. *Thomas, ante,* 421, and cases cited. But where the new law authorizes a punishment greater in degree, or so different in kind that it cannot be held to be a mere mitigation of the punishment; as if, for instance, in the case of an offence punishable by either fine or imprisonment, the statute diminishes the extreme limit of imprisonment, and increases the limit of the fine, which may be imposed by the court; the former law is wholly repealed. *Commonwealth* v. *Davis,* 11 Gray, 48, and cases cited. And in such case, a person who violated that law while it was in force cannot be punished at all; for he cannot be sentenced under the old

rule, because that is repealed; nor under the new rule, because that imposes a punishment to which the offence was not liable at the time of its commission.

The most plausible argument in favor of considering the former statutes as still applicable to offences committed and convictions had before the passage of the *St.* of 1866, *c.* 280, §§ 1, 3, is that these sections apply only to persons afterwards convicted, and cannot, if they impose an increased penalty, extend to offences committed before their enactment, and therefore, so far as those offences are concerned, are not inconsistent with the previous statutes and do not repeal them. But all criminal statutes are limited in effect, and usually in terms, to future offences. And the argument overlooks the principle upon which a repeal by implication rests, namely, that the establishment of a new rule of punishment is of itself a legislative declaration that the previous rule is not fit to exist, and therefore shall not be applied to any case, unless the legislature, in order to prevent offences already committed from going unpunished, provides that such offences shall continue to be punished according to the previous laws. That, in the absence of any such provision, the old law cannot be resorted to after the new law has taken effect, for the punishment of an offence committed before the passage of the latter, even if the offender has been already convicted by the verdict of a jury, is clearly settled by authority.

The Rev. Sts. *c.* 47, § 3, imposed a penalty of twenty dollars for each offence on any person who should presume to be a retailer or seller of wine, brandy, rum or other spirituous liquors, in a less quantity than twenty-eight gallons, without being first duly licensed. By *St.* 1838, *c.* 157, § 1, no person "shall sell" any brandy, rum or other spirituous liquors in a less quantity than fifteen gallons on pain of forfeiting not more than twenty dollars nor less than ten dollars for each offence; and § 4 declared that "the provisions of all laws now in force, inconsistent with this act, are hereby repealed." This court, in *Commonwealth* v. *Kimball*, 21 Pick. 373, held that the earlier statute was inconsistent with the later one, and therefore repealed; and that

a person who had been convicted by the jury under § 3 of the Rev. Sts. *c.* 47, could not be sentenced under it after the *St.* of 1838 took effect; and Chief Justice Shaw, in delivering the opinion, said, " The result may or may not be conformable to the actual intent of those who passed the latter statute. We can only ascertain the legal intent of the legislature by the language which they have used, applied and expounded conformably to the settled and well known rules of construction." As the penalty to be imposed under the *St.* of 1838 could not exceed that prescribed by the Rev. Sts. *c.* 47, § 3, the decision is to be taken as applied to all the circumstances of the case, in which the new statute did not touch the penalty only, but revised the whole subject. See *Commonwealth* v. *Gardner*, 11 Gray, 447. But it is directly in point to show that after a statute, though merely prospective in its terms, which repeals all laws inconsistent with it, has taken effect, a person already found guilty by a jury under those laws cannot be sentenced.

That the result is the same where the repeal is by implication only is shown by the judgment of this court in *Britton* v. *Commonwealth*, 1 Cush. 302, reversing a sentence to imprisonment for three months, under the Rev. Sts. *c.* 126, § 39, for a malicious destruction of personal property alleged to be less than fifteen dollars in value, committed before, but for which sentence was not given until after, the *St.* of 1846, *c.* 52, § 1, had provided that " every person who shall " maliciously destroy personal property the value of which should not be alleged to exceed fifteen dollars should be punished by imprisonment not more than thirty days, or a fine of not more than fifteen dollars.

The same principles were affirmed and acted on by the twelve judges of England in *Davis's case*, 1 Leach, (4th ed.) 271 ; by the supreme judicial court of Maine in *Heald* v. *State*, 36 Maine, 62; by the court of appeals of New York in *Hartung* v. *People*, 22 N. Y. 95 ; S. C. 26 N. Y. 154; and by the supreme court of the United States in *Norris* v. *Crocker*, 13 How. 429.

The result is, that the old rule of punishment, laid down in

the previous statutes, having been superseded and repealed, without any saving of prosecutions pending or offences already committed, did not justify the defendant's sentence after the repealing statute took effect; the *St.* of 1866, *c.* 280, §§ 1, 3, es tablishing a new rule of punishment, in aggravation of the rule in force when his offence was committed, could not constitu‧ tionally apply to his case ; and there being therefore no law to authorize him to be punished, he is entitled to be discharged.

*Prisoner discharged.*